UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-26-TLS |
| | ) | |
| AUGUSTINE L. LUNA | ) | |

## OPINION AND ORDER

The Defendant, Augustine L. Luna, submitted a Letter [ECF No. 454] on November 2, 2015. He wrote, "I'm writing in regards to the recent changes in the Federal laws, hoping to know if I am eligible or not. From what I read, I'll need to file a motion to the court to know if I'm eligible."

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18 U.S.C. § 3582(c)(2) permits a defendant to move for a sentence reduction if he was sentenced to a term of imprisonment "based on" a Guidelines sentencing range that has subsequently been lowered by retroactive amendment. The Court may also act "on its own motion." 18 U.S.C. § 3582(c)(2). Here, the change in law that the Defendant is referencing is a retroactive change to the drug quantity table brought about by Amendment 782. While there is no question that the Commission lowered the sentencing range for many drug offenses, the Defendant is not eligible for that sentence reduction because his original sentence was not "based on" the Sentencing Guidelines.

The Defendant pleaded guilty to knowingly conspiring to distribute and to possess with intent to distribute cocaine. In doing so, the Defendant entered into a written Plea Agreement

with the Government, which contains the following term:

> The United States and I agree that I should receive a sentence of 120 months on Count 1. The above-mentioned agreement that I should receive a sentence of 120 months on Count 1 is a binding agreement pursuant to Rule 11(c)(1)(C). In consideration for this agreement, I agree that I will not seek any further reduction in my sentence under 18 U.S.C. § 3582(c) for any future amendments to §2D1.1 of the U. S. Sentencing Guidelines.

(Plea Agreement ¶ 8(c), ECF No. 253.) On September 8, 2014, the Court accepted the Plea Agreement and sentenced the Defendant to 120 months of imprisonment in accordance with the binding Plea Agreement.

The Defendant's sentence was, thus, based on an agreed term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This subsection of Rule 11 permits parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C). Generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief is available under § 3582(c)(2). *Freeman v. United States*, 131 S. Ct. 2685, 2696 (2011) (Sotomayor, J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (applying *Marks v. United States*, 430 U.S. 188, 193 (1977), to conclude that Justice Sotomayor's concurrence is controlling). Although two limited exceptions apply for when the parties "agree that a specific . . . sentencing range is the appropriate disposition of the case" *id.* at 2697 (quoting Fed. R. Civ. P. 11(c)(1)(C)), or when the plea agreement itself "make[s] clear that the basis for the specified term" is the applicable Guideline range *id.* at 2697 (stating that the "sentencing range [must be] evident from the agreement itself"), neither exception applies in this case.

Moreover, the Defendant specifically agreed that in consideration of the agreed term, he would "not seek any further reduction" in his "sentence under 18 U.S.C. § 3582(c)(2) for any future amendments to § 2D1.1 of the U.S. Sentencing Guidelines." (Plea Agreement ¶ 8(c)). Plea agreements are interpreted in accordance with ordinary principles of contract law. *United States v. Monroe*, 580 F.3d 552, 556 (7th Cir. 2009). "Therefore, when a plea agreement is unambiguous on its face, this court generally interprets the agreement according to its plain meaning." *Id.* Under the terms of the Plea Agreement, the Defendant clearly and unambiguously waived his right to seek modification of his sentence under 18 U.S.C. § 3582(c)(2). The Defendant does not suggest that he entered into the Plea Agreement with the Government unknowingly or involuntarily. *Cf. United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement.").

The Defendant's Plea Agreement prohibits him from seeking a reduction of his sentence under 18 U.S.C. § 3582(c). The Court declines to act on its own motion for the reason that his sentence was not based on the Guidelines, but on an agreed 120-month term of imprisonment.

## CONCLUSION

The Court has considered the Defendant's Letter [ECF No. 454] in light of the record in this cause and, for the reasons stated above, find that the Defendant is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), and thus DECLINES to act on its own motion.

SO ORDERED on November 5, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT